AO 241 (Rev. 09/17)

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern District of Ohio, Western Division |
|---|---|
| Name (under which you were convicted): Denny W. Blanton Jr. | Docket or Case No.: |
| Place of Confinement: Mansfield Correctional Institution | Prisoner No.: A728902 |
| Petitioner (include the name under which you were convicted) Denny W. Blanton Jr. v. | Respondent (authorized person having custody of petitioner) Warden, Mansfield Correctional Institution |

The Attorney General of the State of: Ohio

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Court of Common Pleas of Adams County, Ohio

   110 West Main St.

   West Union, Ohio 45693

   (b) Criminal docket or case number (if you know): CRI 20160037

2. (a) Date of the judgment of conviction (if you know): 09/20/2016

   (b) Date of sentencing: 09/15/2016

3. Length of sentence: 30 years to life imprisonment

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: 1) Rape [Ohio Rev. Code.

   2907.02(A)(2)] with Sexually Violent Predator Specification (Ohio Rev. Code 2941.148); 2) Kidnapping

   [Ohio Rev. Code 2901.05(A)(4)] with Sexual Motiviation Specification (Ohio Rev. Code 2941.147) and

   Sexually Violent Predator Specification (Ohio Rev. Code 2941.148); 3) Rape [Ohio Rev. Code.

   2907.02(A)(2)] with Sexually Violent Predator Specification (Ohio Rev. Code 2941.148)

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty        ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty            ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

      (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  N/A

      (c) If you went to trial, what kind of trial did you have? (Check one)

      ☑ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☑ Yes     ☐ No

8. Did you appeal from the judgment of conviction?

      ☑ Yes     ☐ No

9. If you did appeal, answer the following:

    (a) Name of court: Ohio Fourth District Court of Appeals

    (b) Docket or case number (if you know): 16CA1031

    (c) Result: Judgment of conviction and sentence affirmed

    (d) Date of result (if you know): 03/27/2018

    (e) Citation to the case (if you know): 2018-Ohio-1275

    (f) Grounds raised: 1) Denial of Sixth and Fourteenth Amendment right of confrontation; 2) Denial of Sixth and Fourteenth Amendment right to present a complete defense; 3) Denial of Sixth and Fourteenth Amendment right to due process during jury trial; 4) Denial of Sixth and Fourteenth Amendment to effective assistance of counsel, 5) Denial of Sixth and Fourteenth Amendment right to due process during sexually violent predator hearing; 6) Imposition of an illegal sentence

    (g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

        If yes, answer the following:

        (1) Name of court: Supreme Court of Ohio

        (2) Docket or case number (if you know): 2018-0637

        (3) Result: Jurisdiction declined

AO 241 (Rev. 09/17)

(4) Date of result (if you know): 07/18/2018

(5) Citation to the case (if you know): 153 Ohio St.3d 1442, 2018-Ohio-2834, 102 N.E.3d 500

(6) Grounds raised: Petitioner raised the same first five grounds that were raised in the court of appeals

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Court of Common Pleas of Adams County, Ohio

(2) Docket or case number (if you know): CRI 20160037

(3) Date of filing (if you know): 12/01/2017

(4) Nature of the proceeding: Petition for post-conviction relief

(5) Grounds raised: Denial of Sixth and Fourteenth Amendment right to the effective assistance of counsel during the pretrial and jury trial proceedings

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☑ No

(7) Result: Petition denied

AO 241 (Rev. 09/17)

    (8) Date of result (if you know):   07/01/2019

 (b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

     ❐ Yes    ❐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

 (c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

       ❒ Yes    ❒ No

    (7) Result: _____

    (8) Date of result (if you know): _____

  (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:   ☑ Yes    ❒ No

    (2) Second petition:   ❒ Yes    ❒ No

    (3) Third petition:   ❒ Yes    ❒ No

  (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Petitioner was deprived of his Sixth and Fourteenth Amendment right to confront and cross-examine his accuser when the trial judge's ruling prevented defense counsel from developing her motive to lie.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

J.S., a 15 year old high school freshman and daughter of the superintendent of the county school district, accused Petitioner, an 18 year old senior, of compelling her to engage in sexual relations with him. During cross-examination, Petitioner's attorney asked J.S., "your mother and father would be very upset with you would they not if you voluntarilly submitted to a sex act?" The trial judge sustained the prosecutor's objection, and warned counsel to "stay away from that." This ruling deprived Petitioner of an opportunity to demonstrate J.S.'s motive to lie. Due to the absence of overwhelming proof of guilt, the error was not harmless beyond a reasonable doubt.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

_____

_____

_____

_____

Page 6 of 16

AO 241 (Rev. 09/17)

   (c)     **Direct Appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why: _____

   (d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☐ Yes    ☑ No

        (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

        (3) Did you receive a hearing on your motion or petition?    ☐ Yes ☐ No

        (4) Did you appeal from the denial of your motion or petition?    ☐ Yes ☐ No

        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

        (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Petitioner was deprived of his Sixth and Fourteenth Amendment right to present a complete defense when the trial judge's rulings interfered with his ability to testify in his own behalf.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During defense counsel's direct examination of Petitioner, the trial judge repeatedly sustained the prosecutor's objections to questions regarding statements made by J.S. that led Petitioner to believe she wished to engage in consensual sexual relations. The judge next sustained the prosecutor's objection and accused defense counsel of suborning perjury when he had asked Petitioner about the reasons why he had given a conflicting account to investigators during custodial interrogation. The judge's evidentiary rulings crippled Petitioner's effort to convince the jury of his belief that his sexual relations with J.S. were voluntary. The judge's perjury warning intimidated counsel into switching from a normal question-and-answer format to simply asking Petitioner for a narrative. Due to the absence of overwhelming proof of guilt, the error was not harmless beyond a reasonable doubt.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Page 8 of 16

AO 241 (Rev. 09/17)

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** Petitioner was deprived of his Sixth and Fourteenth Amendment right to due process when the trial judge permitted a witness to offer expert opinion regarding the veracity of Petitioner's accuser.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial judge instructed the jury that a social worker called as a witness by the prosecution was an expert in forensic interviewing. The witness subsequently testified that the story given by J.S. during a forensic interview was "consistent with sexual assault." This testimony invaded the province of the jury and unfairly bolstered the credibility of J.S.'s accusation of rape. Due to the absence of overwhelming proof of Petitioner's guilt, the error was not harmless beyond a reasonable doubt.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?  ☐ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

AO 241 (Rev. 09/17)

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**   Petitioner was deprived of his Sixth and Fourteenth Amendment right to the effective assistance of trial counsel due to multiple instances of deficient performance.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was prejudiced by his trial attorneys' deficient performance in the following respects: 1) Trial counsel failed to present the testimony of an expert in microscopy who had conducted a forensic examination of J.S.'s running shorts for the purpose of determining the manner in which the soil stains were deposited. The opinion of the expert would have directly contradicted the prosecutor's argument that the stains on J.S.'s shorts were physical evidence corroborating her account of being pushed to the ground by Petitioner prior to raping her. 2) Trial counsel failed to retain a medical expert to counter the testimony of the prosecution's medical expert. A defense expert could have undermined the prosecutor's argument that the opinions of his expert witness

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings**:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:   Petition for post-conviction relief

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Court of Common Pleas of Adams County, 110 West Main St., West Union, Ohio 45693

Docket or case number (if you know): CRI 20160037

Date of the court's decision: 07/01/2019

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No
(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Ohio Fourth District Court of Appeals

Docket or case number (if you know): 19CA1096

Date of the court's decision: 12/23/2020

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: Petitioner appealed the court of appeals decision affirming the denial of his post-conviction petition to the Supreme Court of Ohio. The state supreme court accepted jurisdiction over the appeal. On November 9, 2022, the court affirmed the judgment of the court of appeals. State v. Blanton, Ohio Supreme Court No. 2021-0172, Slip Opinion No. 2022-Ohio-3985.

### CONTINUATION PAGE OF GROUNDS SUPPORTING
### PETITION FOR A WRIT OF HABEAS CORPUS

**Supporting Facts** (continued): corroborated J.S.'s claim that sexual relations with Petitioner were compelled.

3) Trial counsel failed to object to the trial judge's declaration in the jury's presence that a social worker (called as a prosecution witness) was an expert in forensic interviewing, and that a medical doctor (also called as a prosecution witness) was a "child abuse pediatric expert." The trial judge's endorsement of the witnesses as experts exacerbated the prejudicial effect of the social worker's improperly admitted opinion that J.S.'s account was consistent with sexual assault, and the physician's opinion that J.S.'s genital bruising and bleeding were consistent with a sexual assault.

4) Trial counsel's inept cross-examination of the prosecution's medical expert opened the door on re-direct examination to opinion testimony that J.S.'s symptoms and injuries supported her claim of a sexual assault. This testimony enhanced the credibility of J.S.'s accusations against Petitioner and was highly prejudicial.

5) Trial counsel failed to provide the trial judge with relevant arguments and legal authorities to defeat the prosecutor's frivolous hearsay objections to Petitioner's direct testimony. Counsel unjustifiably capitulated to the trial judge's threats by distancing himself from his client. Instead of continuing the direct examination in the normal question and answer format, counsel directed Petitioner to state in narrative form his "version" of the reasons why he initially denied having sexual relations with J.S. Counsel's deficient performance prejudiced Blanton's defense by preventing him from telling the jury his account of consensual sexual relations in a natural, coherent, and persuasive manner; and by leaving the jury with a false perception that he did not believe his client.

6) Trial counsel excluded Petitioner from the decision-making process regarding his defense of consent. Instead of telling the jurors in opening statement that Petitioner and J.S. engaged in consensual sexual relations, trial counsel indicated that the element of sexual conduct was disputed by the defense. As a consequence, the jury was left with a false perception that Petitioner had changed his entire line of defense only after the positive DNA results were admitted into evidence.

7) Trial counsel failed to file an affidavit to disqualify the trial judge for bias arising from the fact that J.S.'s father was the superintendent of the county school system that employed the trial judge's wife as an assistant treasurer. This employment relationship created an impermissible risk of actual bias on the part of the trial judge. The judge's bias and lack of impartiality influenced his rulings and prevented Petitioner from developing

J.S.'s motive to lie as well as preventing Petitioner from presenting a defense of consent.

8) Trial counsel called Petitioner's girlfriend as a defense witness, and then abruptly withdrew her as a witness. The withdrawal of the witness prejudiced Petitioner in two respects. First, the witness's testimony would have corroborated his explanation that he initially denied having had sexual relations with J.S. due to fear of traumatizing his girlfriend. Second, it left the jury with a false perception that trial counsel believed her testimony would be harmful to Petitioner's defense.

9) Trial counsel failed to object to the playback of the entire audio/video recording of the social worker's forensic interview of J.S., and to the admission of the social worker's written report containing a summary of J.S. statements and "diagnosis" of "sexual abuse of child or adolescent." The recording and the report were available to the jurors during their deliberations, and served as a "script" of the prosecution's case against Petitioner.

10) Trial counsel jeopardized Petitioner's opportunity for a fair trial before an impartial jury by failing to honor his request to move for a change of venue. His case attracted a tremendous amount of negative media attention, and several of the jurors had ties to J.S.'s family and/or local law enforcement.

Petitioner's trial was a classic case of "he says, she says." The outcome of the trial turned on the jury's assessment of the relative veracity of J.S. and Petitioner. His attorneys' unprofessional errors listed above tipped the credibility scale squarely in favor of the prosecution. There is a reasonable probability that the jury would have returned not guilty verdicts if trial counsel had not engaged in the multiple instances of deficient performance.

**GROUND FIVE:** The jury's violent sexual predator finding is not supported by evidence sufficient to satisfy the Due Process Clause of the Fourteenth Amendment.

**Supporting Facts**: Under Ohio law, evidence that the accused participated in a single episode of sexual assault, without more, is not sufficient to support a finding that he is a violent sexual predator. The prosecution's entire case for the violent sexual predator specification rested on Petitioner's convictions for rape and kidnapping. This evidence fell well short of satisfying the proof beyond a reasonable doubt standard.

**Exhaustion**: Petitioner fully exhausted Ground Five by raising the claim in the direct appeal to the Ohio Court of Appeals and in the jurisdictional memorandum filed in the Supreme Court of Ohio.

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Tyler E. Cantrell, 225 N. Cross St., West Union, OH 45693

(b) At arraignment and plea:   Tyler E. Cantrell, 225 N. Cross St., West Union, OH 45693

(c) At trial:   Tyler E. Cantrell, 225 N. Cross St., West Union, OH 45693 and Michael P. Kelly, 3242 U.S. 52, Georgetown, OH 45121

(d) At sentencing:   Tyler E. Cantrell, 225 N. Cross St., West Union, OH 45693 and Michael P. Kelly, 3242 U.S. 52, Georgetown, OH 45121

(e) On appeal:   Dennis C. Belli, 536 S. High St. Fl. 2, Columbus, OH 43215-5785

(f) In any post-conviction proceeding:   Dennis C. Belli, 536 S. High St. Fl. 2, Columbus, OH 43215-5785

(g) On appeal from any ruling against you in a post-conviction proceeding:   Dennis C. Belli, 536 S. High St. Fl. 2, Columbus, OH 43215-5785

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☑ Yes    ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
Court of Common Pleas of Adams County, 110 West Main St., West Union, Ohio 45693

(b) Give the date the other sentence was imposed:   11/09/2016

(c) Give the length of the other sentence:   12 years imprisonment

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☑ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The judgment of conviction became final on October 16, 2018. This is the date on which the 90-day time period for filing a petition for certiorari in the United States Supreme Court (from the July 18, 2018 order of the Supreme Court of Ohio denying jurisdiction to hear Petitioner's appeal from the judgment of the Ohio Court of Appeals affirming his convictions) expired. The running of the one-year statute of limitations for filing this federal habeas petition was tolled from the December 1, 2017 filing of a

AO 241 (Rev. 09/17)

petition for post-conviction relief in respect to the judgment of conviction to the November 9, 2022 judgment of the Supreme Court of Ohio affirming the denial of the petition. This federal petition has been filed prior to the November 9, 2023 expiration of the one-year statute of limitations.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: a writ of habeas corpus conditioned on the State of Ohio providing him with a new trial within a specified period of time

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on  08/17/2023  (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.